Roscos Y. Elsworth, J.
Petitioner has instituted an article 78 proceeding to compel the Secretary of State to file the certificate of incorporation of a proposed corporation named Council on Education Needs, Inc.
Petitioner caused the certificate of incorporation to he transmitted to the Secretary of State on January 25, 1957. The enumerated purposes of the corporation are as follows: ‘£ The purposes for which it is to be formed are to make investigations into the local, state, and federal systems of education and their operation; to obtain and disseminate information regarding educational operations, conditions, needs and requirements and to make and cause to be made studies of educational operations, conditions and needs; to obtain factual information for the said studies and to provide definite and correct information as to local and general school activities, operations, facilities and requirements and other educational matters; to organize increased activity in local communities and increased interest locally in all matters of school and education; and to advise encourage and assist local area in obtaining a betterment of methods, means facilities and operation in education matters; and to afford to local committees the means of presenting educational needs and requirements of their communities and of enforcing their demands for such action as will supply those needs and requirements; to increase the power and authority of local committees over the educational activities and facilities of their own area; to organize local units for all of such purposes in the several communities to carry out the purposes of this corporation; to print publish and distribute books, papers, *681 periodicals in relation to its activities and educational matters generally.”
The Secretary of State refused to accept the certificate on the ground that it did not have indorsed upon it the consent of the Commissioner of Education of the State of New York as required by subdivision 2 of section 11 of the Membership Corporations Law.
Subdivision 2 of section 11 of the Membership Corporations Law provides: “If the certificate of incorporation specify a purpose for which a corporation may be chartered by the regents of the university, the consent of the commissioner of education to such filing shall be indorsed thereon.” The Regents may ‘ ‘ incorporate any university, college, academy, library, museum, or other institution or association for the promotion of science, literature, art, history or other department of knowledge, or of education in any way, associations of teachers, students, graduates of educational institutions," and other associations whose approved purposes are, in whole or in part, of educational or cultural value deemed worthy of recognition and encouragement by the university.” (Education Law, § 216.) It is further provided by said section 216 that no association ‘1 which might be incorporated by the regents under this chapter shall, without their consent, be incorporated under any other general law. ’ ’
The issue thus presented is whether the proposed certificate specifies a purpose for which a corporation may be chartered by the Regents of the university. The Regents have the power to create corporations for many of the purposes specified in the proposed certificate. There can be no doubt of its power to permit incorporation of a group “to advise, encourage and assist local area (areas) in obtaining a betterment of methods, means, facilities and operation in educational matters ’ ’ and “ to afford to local committees the means of presenting educational needs and requirements of their communities and of enforcing their demands for such action as will supply those needs and requirements.” Accordingly, since the proposed certificate specifies on its face “ a purpose ” for which a corporation may be incorporated by the Regents, the consent of the Regents is an indispensable condition to the relief here sought.
The petition is dismissed.
Submit order.