In the Matter of the NATIONAL PSYCHOLOGICAL ASSOCIATION FOR PSYCHOANALYSIS, INC., Appellant, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.

Third Department, August 1, 1961.

*Lyman Stansky* for appellant.

*Charles A. Brind, Jr.,* for respondent.

HERLIHY, J. The petitioner was first incorporated in August, 1950. Its purposes, stated generally, were to establish and maintain high professional standards and inspiration for training and research in the field of psychoanalysis; to arrange lectures and discussions for the interchange of information pertaining to psychoanalysis as well as community interests and to promote co-operative thinking between psychoanalysis and other fields

of inter-personal relations, including education and anthropology. Such certificate required the consent of the Commissioner of Education, pursuant to subdivision 2 of section 11 of the Membership Corporations Law, which provides as follows: "If the certificate of incorporation specify a purpose for which a corporation may be chartered by the regents of the university, the consent of the commissioner of education to such filing shall be endorsed thereon."

The purposes referred to in the above section 11 are found in section 216 of the Education Law: "Under such name, with such number of trustees or other managers, and with such powers, privileges and duties, and subject to such limitations and restrictions in all respects as the regents may prescribe in conformity to law, they may, by an instrument under their seal and recorded in their office, incorporate any university, college, academy, library, museum, or other institution or association for the promotion of science, literature, art, history or other department of knowledge, or of education in any way, associations of teachers, students, graduates of educational institutions, and other associations whose approved purposes are, in whole or in part, of educational or cultural value deemed worthy of recognition and encouragement by the university. No institution or association which might be incorporated by the regents under this chapter shall, without their consent, be incorporated under any other general law ".

The petition recites that since its incorporation the petitioner has conducted a training course, offered courses of study and supervised practice in psychoanalysis and psychotherapy, published a quarterly journal of psychoanalytic research and offered a panel of consultants for diagnostic psychoanalytic services for its members and members in training but such training was not recognized by the Commissioner of Education.

In 1956 article 153 of the Education Law took effect and was captioned " Psychology " and was designed for a twofold purpose, first, to recognize and give status to the profession of psychology and second, to make it possible to eliminate unqualified persons who held themselves out to the public as psychologists. (See *National Psychological Assn. for Psychoanalysis* v. *University of State of N. Y.*, 8 N Y 2d 197, 201–202.) It is also apparent that the court gave some consideration to the training program of the petitioner as it stated at page 205: "NPAP [the petitioner herein] conducts a training program for members in training, and respondent has refused to accept that program as satisfying the academic requirements of the statute, contrary to NPAP's expectation at the time it supported the

statute. The major portion of plaintiffs' affidavits, as well as their complaint, is devoted to the merits of NPAP's training program, and why it should qualify as a ' substantial equivalent ' of ' the specialized advanced courses in psychological theory and professional skills in a typical graduate psychology program given by degree-granting institutions leading to a degree of Doctor of Philosophy in psychology '. However, a disagreement with the judgment of the Legislature as to the proper standards of fitness for persons wishing to be certified in their craft cannot rise to the level of a constitutional argument by couching that disagreement in the language of due process or equal protection of the laws.''

In 1959 the petitioner, apparently for the purpose of remedying the existing situation, executed a certificate pursuant to section 30 of the Membership Corporations Law which contained additional purposes, including:

'' j) To establish and maintain an institution of learning for the instruction of students in the field of psychoanalysis and in all related subjects * * *.

'' k) To encourage and sponsor research relating to the psychoanalytic point of view in psychology.''

Upon submission to the Commissioner, he refused to give his approval, stating with reference to the above-quoted language as follows:

'' It now appears that what is proposed is clearly an educational institution and one for which consent cannot be given for incorporation under the Membership Corporations Law.

'' the language in relation to instruction in the field of psychoanalysis and related subjects and the various applications of the psychoanalytic point of view would certainly involve subject matter which may be included in a medical curriculum and, therefore would require the approval of the Regents under Section 224.''

The medical disclaimer clause in the certificate of additional purposes is not sufficient to rebut the requirements of section 224.

Paragraph (d) of subdivision 7 of section 30 of the Membership Corporations Law provides: '' that if a purpose, power or provision amended, eliminated, added or substituted is one for which a corporation could be created under this chapter only upon the approval of a state or local board or body, the approval of the proposed change, by that board or body shall be endorsed on or annexed to the certificate; ''.

The petitioner contends that the action of the Commissioner is unreasonable and arbitrary because in the proposed certificate there are some purposes which are noneducational and not sub-

ject to the Board of Regents and that the Commissioner has previously approved of substantially the same relief and, in fact, has approved the identical language set forth above in paragraph " j ". We find no merit to the contention that the Commissioner must approve the proposed change because of his prior action or past approval of similar charters for other organizations. Since the issuance of the original charter to the petitioner, article 153 of the Education Law has established psychology as a profession and like most other professions, it is under the jurisdiction of the Board of Regents. Furthermore, regardless of the prior manner of conduct of the petitioner, what it now seeks to accomplish by amending its charter is to conduct an educational institution as defined by section 216 of the Education Law, and the consent of the Board of Regents is indispensable. (See *Matter of Lunderman* v. *DeSapio*, 19 Misc 2d 679, affd. 9 A D 2d 803.) This is an attempt by the petitioner to operate an institution of learning without the necessity of meeting the rigid requirements of the Board of Regents or being subject to its continuing jurisdiction, rules and regulations. This the petitioner cannot do. If the Commissioner had signed the certificate without the approval of the Board of Regents, he would have been invading its prerogative. The jurisdiction of the Commissioner to act on these proposed additional purposes is governed by paragraph (d) of subdivision 7 of section 30 and not by subdivision 2 of section 11 of the Membership Corporations Law. It is conceded that the petitioner may make an application to the Board of Regents for the relief which it seeks and the fact that some of the purposes are noneducational is no bar to its consideration.

The order should be affirmed.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.